[No. 18782.   Department One.   January 7, 1925.]

CHARLES F. EIKENBARY *et al., Respondents,* v. CALISPEL
LIGHT & POWER COMPANY, *Appellant.*[1]

WATERS AND WATER COURSES (35)—RIPARIAN RIGHTS—DIVERSION
—PERMIT BY STATE—STATUTES. The recovery of damages for the
wrongful diversion of waters is not precluded by the water code and
the hydraulic engineer's permission to divert the water, in view of
Rem. Comp. Stat., § 7351, providing that nothing contained in that
act shall be construed as affecting any existing rights of any riparian
owner.

SAME (38)—ACTION FOR DIVERSION—DAMAGES—ESTOPPEL. A con-
veyance granting a right of way for a flume, made in settlement of
a proceeding for condemning the right of way, does not preclude an
action for damages for a wrongful diversion of waters for which the
flume was intended.

APPEAL (133)—PRESERVATION OF GROUNDS—OBJECTIONS. In an
action for the wrongful diversion of waters, in which both parties
tried the case on the question of the value of the potential water
power which might have been developed, appellant cannot assign
error in that damages were assessed without showing the difference
in the value of the land before and after the diversion.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered January 14,
1924, upon findings in favor of the plaintiffs, in an ac-
tion for an injunction, tried to the court. Affirmed.

*E. H. Belden,* for appellant.
*Parker W. Kimball,* for respondents.

TOLMAN, J.—Respondents, who were plaintiffs be-
low, being the owners of a tract of 240 acres of land
in Pend Oreille county, through which flows a stream
called Calispel creek, brought this action to restrain
the defendant from diverting the waters of that creek
above their land, and thus interfering with their rights
as riparian owners. It is admitted that the defendant

[1]Reported in 231 Pac. 946.

is a public service corporation; that it has acquired the necessary permits from the proper department of the state government to authorize it to divert, store and develop the waters and water power of the creek, but it is alleged that its rights so acquired do not authorize it to so use the flow of the creek as to deprive respondents of the natural flow belonging to them by reason of the riparian character of their land. An injunction was denied, but the answer of appellant tendering that issue, the case proceeded to trial before the court, sitting without a jury, on the question of the plaintiffs' right to recover damages, and if they had that right, then the amount thereof. From a judgment allowing the plaintiffs $1,500 as such damages, the defendant has appealed.

It is first urged that the act of the state hydraulic engineer, in granting permission to divert, store and use the water, precludes any recovery. The answer is found in the statute under which the permits were sought and obtained. In § 1, ch. 117, Laws of 1917, p. 447 (the water code), are found these words:

"Nothing contained in this act shall be construed to lessen, enlarge, or modify the existing rights of any riparian owner, or any existing right acquired by appropriation, or otherwise. They shall, however, be subject to condemnation as provided in section 4 hereof, and the amount and priority thereof may be determined by the procedure set out in sections 14 to 26 inclusive hereof." [Rem. Comp. Stat., § 7351.]

The next contention is that, because respondents conveyed to it by deed a right of way for a flume, they are now estopped from claiming any damages by reason of the diversion of the waters of the creek from their lands. It appears that the waters are impounded and stored above respondents' land, but to convey them to the power house where the electric energy is developed, a flume for that purpose had to be constructed

and maintained across a portion of respondents' lands. A suit was brought to condemn a right of way for this flume, and while that suit was pending, the parties got together and for a consideration of $500 respondents, by deed, conveyed the required right of way to the appellant, the deed containing this stipulation:

"      .      .      .      to be used as a right of way for the purpose of constructing and maintaining flumes, pipes, conduits, pole lines, and structures of any other nature necessary for efficient and proper operation of an electric power plant;      .      .      .      "

The record lacks entirely any evidence that appellant relied upon this deed as conveying anything more than a right of way for the purpose indicated, and in the absence of anything tending to show that appellant accepted the deed and paid the consideration in reliance upon the reasonable belief that the deed conveyed the right to divert the waters from respondents' lands, there can be no estoppel. 2 Pomeroy's Equity Jurisprudence (4th ed.), § 812.

Next, it is contended that respondents' evidence failed to show the difference in value of the land before and after the diverting of the water. No proper objections were interposed on the trial so as to permit this question now to be raised. Both sides, without objection, directed their evidence to the one question of the value of the potential water power which might have been developed upon respondents' lands, if the water had not been diverted, and neither may now for the first time introduce a new and different measure of damages.

The fourth, final and principal question urged is that respondents, if entitled to recover, could, under the proof adduced, recover nominal damages only, and that the judgment of $1,500 is excessive. This is a pure

question of fact, and the evidence from which it must be determined is wholly that of expert witnesses who gave their several opinions. While we have a feeling that the recovery is somewhat large, yet it is well within the range of the testimony, and not having seen or heard the witnesses we feel that, under our well known rule, we cannot interfere.

The judgment is affirmed.

MAIN, C. J., MITCHELL, PEMBERTON, and BRIDGES, JJ., concur.